UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT H LEE,<br><br>   Plaintiff,<br><br> v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants. | Case No. 21-cv-01633-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. Dkt. No. 3.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

Plaintiff names as defendants California Department of Corrections and Rehabilitation ("CDCR") director Alison; CDCR Secretary Diaz; CDCR Associate Director Davis; federal receiver Kelso; Governor Newsom; California Correctional Health Care Services ("CCHCS") Dr. Joseph Bick; Dr. Steven Tharratt; and various prison officials at California Institute for Men ("CIM")[1] and SQSP.

Plaintiff makes numerous allegations regarding SQSP's handling of the COVID-19 pandemic, and certain other prison conditions.[2] With respect to SQSP's handling of the COVID-19 pandemic, Plaintiff makes the following allegations: (1) in early March 2020, CDCR refused free COVID tests for staff and inmates; (2) in early March 2020, another inmate asked SQSP prison officials why masks were not being worn, why inmates were required to line up for medication pickup when there was no social distancing taking place in these lines, why an entire tier (165 inmates) were let out at the same time for showers and made to wait in a 10x10 waiting area where no masks were worn, and why during a medical quarantine he was made to walk counter clockwise around an entire tier while inmates were yelling and eating unmasked; (3) the use of 36" diameter fans to address high temperatures and inadequate ventilation blew the virus

---

[1] Plaintiff incorrectly refers to CIM as Chino State Prison.
[2] Plaintiff's complaint is virtually identical to many other complaints received by the Court. *See, e.g.*, *Amos v. Allison*, C No. 20-cv-8152 HSG; *Robeldo v. Allison*, C No. 20-9134-WHO; *Hall v. Allison*, C No. 21-0103-RMI; *Ham v. Allison*, C No. 21-0909 YGR.

2

throughout the building; (4) there was no independent hot-water hose bib provided to clean the shower area, despite multiple requests; (5) on May 30, 2020, 121 inmates were transferred from CIM to SQSP without being tested for COVID immediately prior to transfer and were not quarantined upon arrival, resulting in over 2,000 inmates and staff being infected with COVID-19, and at least 28 deaths from COVID-19; (6) Plaintiff contracted COVID-19 on or around June 29, 2020 and spent time explaining to building staff that he had underlying medical conditions that could be aggravated by COVID-19; (7) inmates are generally unable to obtain hand sanitizer; (8) cell-blocks are disinfected only two to three times a month; (9) during medical quarantine, SQSP refuses to cell-feed inmates, which would contain the spread of COVID-19, but instead required inmates to exit their cell and line up for meals; (10) SQSP Warden Davis approved the transfer of SQSP inmates to North Kern State Prison ("NKSP"), despite being aware that certain of these inmates had tested positive for COVID-19; (11) the hand sanitizer distributed by SQSP is ineffective; and (12) the cleaning conducted is "illusory." Plaintiff makes the following allegations regarding prison conditions that do not appear to be directly related to COVID-19: (1) from on or about August 1, 2019 to August 1, 2020, all toilets were removed from the yard, requiring inmates to defecate in trash cans or urinate in the gutter, when not in their cells; (2) Plaintiff has not had outdoor exercise in months; (3) the removal of shower heads to ensure socially distanced showers resulted in a long wait for showers, effectively eliminating yard time; and (4) SQSP effectively stopped providing medical care and dental care from March 17, 2020 to November 1, 2020.

Plaintiff alleges that Defendants have violated their obligations under the Fifth Amendment to provide him living conditions of reasonable health and safety; have violated their obligations under the Eighth Amendment to provide him with the minimal civilized measure of life's necessities; have violated his substantive right to adequate medical care and to be free from harm; and have denied him his state-created liberty interest to effective medical care.

The obligation of prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety, arises from the Eighth Amendment, not the Fifth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994);

3

*DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). Exercise is one of the basic human necessities protected by the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Toussaint v. Rushen*, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983), *aff'd in part and vacated in part on other grounds by* 722 F.2d 1490 (9th Cir. 1984). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of prisoners. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners of regular exercise. *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984), *aff'd in part and rev'd in part on other grounds by* 801 F.2d 1080 (9th Cir. 1986). The Ninth Circuit has not specified the "minimum amount of weekly exercise that must be afforded to detainees who spend the bulk of their time inside their cells," but has held that ninety minutes per week of exercise, which is the equivalent of slightly less than thirteen minutes a day, does not comport with Eighth Amendment standards. *Pierce v. County of Orange*, 526 F.3d 1190, 1211-12 (9th. Cir. 2008).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff has presented serious allegations that may state Eighth Amendment claims. However, the Court DISMISSES the complaint with leave to amend for the reasons set forth below.

First, Plaintiff may only bring suit for injuries that he has suffered. Plaintiff makes allegations about what another inmate heard or experienced with respect to the handling of

4

COVID-19, general allegations about the failure to provide medical care and dental care, and the transfer of inmates from SQSP to NKSP. Under the prudential limitations of standing, "'a litigant must normally assert his own legal interests rather than those of third parties.'" *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)). In addition, *pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff may only bring suit for injuries that he has suffered, and not for general concerns about conditions of confinement. For example, he may only bring suit regarding the failure to provide medical care and dental care from March 17, 2020 to November 1, 2020, if this failure directly affected him, i.e. if he sought, and was denied, medical care or dental care, and this denial constituted deliberate indifference to his serious medical needs. Similarly, Plaintiff may not bring suit regarding the transfer of COVID-positive SQSP inmates to NKSP unless this transfer caused him constitutional injury.

Second, with respect to many of Plaintiff's claims, Plaintiff presents only conclusory allegations with little support, simply repeats the elements of the legal claim, and fails to identify the actions of specific defendants. Allegations that there was little social distancing or hand sanitizer without more is insufficient to state a claim.

Third, the complaint appears to violate the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2). Fed R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's allegations regarding SQSP's handling of the COVID-19 inmates (transfer of CIM inmates, failure to wear masks, requiring inmates to exit cell for medication pickup and meals) do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not share a

5

common question of law or fact as Plaintiff's allegations regarding the removal of toilets from the yard or the lack of outdoor exercise. Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. In this action, he should only pursue the acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. To seek relief for claims arising out of other incidents, Plaintiff must bring a separate action.

Fourth, there is no Section 1983 liability simply because the defendant employed the alleged wrongdoer or because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under theory that one is liable simply because he supervises person who has violated plaintiff's rights). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). For example, Plaintiff states that "obviously" and "surely" defendants Pachynski, Escobell, Borders, Kelson, Davis, Brommfield, Diaz, Allison and Newsom, were aware of the transfer of CIM inmates to SQSP and that defendant Kelso "should have been right on top of this." Dkt. No. 1 at 11-12. Plaintiff must present more information as to how each defendant, including the supervisory defendants, was directly involved in the constitutional deprivation and how the action (or inaction) constituted deliberate indifference.

In preparing an amended complaint, the Court provides the following guidance. Submitting a complaint that is a duplicate of other complaints can be problematic in that the duplicate complaint may present claims relevant to other inmates but not to Plaintiff. Plaintiff should identify what each defendant did (or did not do), and how this action (or inaction) Plaintiff's constitutional rights. Plaintiff must describe how the specific allegations and actions of each defendant apply to him. In addition, Plaintiff should only include related claims against specific defendants in this action. Plaintiff is cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable cause of action, and that the Court is not bound to accept as true a legal conclusion

6

couched as a factual allegation.  *Ashcroft*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. C 21-01633 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/26/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

7